UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK RUEGSEGGER,

    Plaintiff,                               Hon. Janet T. Neff

v.                                               Case No. 1:19-cv-338

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 5). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

## ANALYSIS

Plaintiff is a citizen of the United States having been born in Michigan. Plaintiff nevertheless requested that the Social Security Administration modify his status to reflect that he is merely a "legal alien allowed to work" rather than a United States citizen. Plaintiff's request was denied. Plaintiff alleges that because he is a citizen of Michigan, and not the United States, the decision by the Social Security Administration to deny his request for change of citizenship status unlawfully subjects him and his property "to the laws of a foreign government." Plaintiff initiated the present action requesting that the Court direct the Commissioner of the Social Security

Administration to modify Plaintiff's citizenship status as requested.

This case is premised upon Plaintiff's assertion that he is a citizen of the State of Michigan and, therefore, is not subject to the laws or jurisdiction of the United States. (ECF No. 1, 7). Plaintiff's argument is nothing more than a version of the "sovereign citizen" argument which courts have long found to be frivolous. *See, e.g., Bellon v. United States Government*, 2006 WL 1134411 at *2 (E.D. Mich., Apr. 27, 2006) (dismissing as frivolous a claim by a Michigan-born citizen of the United States to instead be recognized as a citizen of the "Michigan State Republic"); *see also, Mallory v. Obama*, 2015 WL 7722034 at *2 (W.D. Mich., Nov. 30, 2015) (recognizing that sovereign citizen arguments are "frivolous and a waste of court resources"). The Court likewise finds Plaintiff's arguments frivolous and a waste of this Court's very limited resources. Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (ECF No. 5), be **granted** and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: August 14, 2019                              /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  U.S. Magistrate Judge